# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Deutsche Bank National Trust Co., as Trustee for Securitized Asset-backed Receivables LLC Trust 2006-WM4,, | Case No.: 2:16-cv-2895-JAD-VCF |
| Plaintiff | **Order Lifting Stay and Setting Litigation Deadlines** |
| v. | |
| BFP Investments 2, LLC, et al., | |
| Defendants | |

Deutsche Bank National Trust Co. filed this action to challenge a homeowners association's (HOA's) non-judicial foreclosure sale of a home on which it held a first deed of trust[1] after the Nevada Supreme Court held in *SFR Investments Pool 1, LLC v. U.S. Bank* that an HOA's proper foreclosure under Nevada's statutory scheme "will extinguish a first deed of trust."[2] This case was stayed while various dispositive issues worked their way through the appellate courts. Although those appeals have long-since concluded, no party has moved to lift this stay. Because the purpose for which the stay was entered no longer exists,

IT IS HEREBY ORDERED that **THE STAY is LIFTED.**

IT IS FURTHER ORDERED that the parties have the following deadlines and obligations to move this case forward. Due to the delays caused by the parties' failure to diligently move to lift the stay, the court is not likely to extend these deadlines absent extraordinary circumstances:

---

[1] ECF No. 1 at ¶ 81.

[2] *SFR Investments Pool 1, LLC v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014).

**Response to the Complaint:**

Any party that has been served with any response-requiring pleading and has not yet answered it **has until February 7, 2020, to answer or otherwise respond** to that pleading.

**Meet & Confer:**

**The parties have until February 21, 2020, to meet and confer** as defined by Local Rule IA 1-3(f) regarding (1) a proposed discovery plan and scheduling order as contemplated by Local Rule 26-1, (2) what discovery still needs to be conducted, (3) what viable claims and defenses remain in the case in light of recent decisions from the Supreme Court of Nevada and Ninth Circuit Court of Appeals, and (4) the issues that the parties intend to raise in any dispositive motion that the parties anticipate filing, **A party representative must attend the conference, either in person or by telephone.** Requests to be excused from any aspect of this meet-and-confer requirement will be denied absent extraordinary circumstances.

**Stipulated Discovery Plan and Scheduling Order:**

The parties must file their Proposed Amended Stipulated Discovery Plan Scheduling Order in compliance with Local Rule 26-1 by **March 2, 2020.**

**Certificate Required with Dispositive Motions:**

Any dispositive motion filed in this case (including a motion to dismiss) must be accompanied by a declaration by the movant's counsel that sets forth the details of the meet-and- accompanied by a declaration by the movant's counsel that sets forth the details of the meet-and- confer in compliance with Local rule IA 1-3(f)(2) and certifies that, despite good-faith efforts to

confer, the issues raised in the motion could not be resolved.  The court may summarily deny any motion that fails to comply with this requirement.

Dated:  January 17, 2020.

_____
U.S. District Judge Jennifer A. Dorsey